UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARL EDWARD SMITH,

       Petitioner,

v.                                                                                                 Case No. 2:07-cv-203
                                                                                                 HON. ROBERT HOLMES BELL

LINDA METRISH,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Carl Edward Smith filed this petition for writ of habeas corpus challenging his prison sentence. Petitioner pleaded guilty to two counts of securities fraud under MCL § 451.501 and one count of embezzlement by an agent or trustee ($20,000 or more) under MCL § 750.174(5)(a). In exchange for petitioner's plea, the prosecutor dismissed 14 other criminal charges. Petitioner was sentenced to three consecutive terms of 80 months to 10 years imprisonment and also ordered to pay restitution to his victims.

The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

Petitioner claims the following in his petition:

I. Ineffective Assistance of Counsel. Petitioner claims that counsel failed to object on the record to the court's departure from the sentencing guidelines resulting in plain and prejudicial error.

II. Sentencing guidelines were improperly enhanced as well as the sentence received. Petitioner claims the legislatively authorized range of punishment was impermissibly increased in two ways: when the

trial judge scored the legislatively imposed sentencing guideline variables to increase the guideline range from an intermediate sanction requiring 12 months jail time to 12-23 months of prison time, and then upwardly departing from that increased range of 12-23 months. Furthermore, both acts were not charged in the information nor determined by a jury beyond a reasonable doubt.

III. Due process clause. Petitioner claims the impermissible upward departure of the legislatively imposed guideline range violates the Due Process Clause which protects against the deprivation of life, liberty or property without the due process of law. U.S. Const., Am X, IV.

IV. Sentencing was in part based on inaccurate and prejudicial information. Petitioner claims that Michigan Supreme Court ruled in the Petitioner's favor that the phrases "resistant to bankruptcy proceedings" and the Pre-sentence Investigation Report's author's prejudicial statement that Petitioner had a "lack of remorse" were to be removed from the PSI report.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160

F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989),

*cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner alleges that the trial court erred in its determination of petitioner's sentencing scores for purposes of sentencing petitioner in accordance with the Michigan Sentencing Guidelines. Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970). To the extent that petitioner challenges the correctness of his sentence on the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Furthermore, MCL § 750.174(5)(a) provides a maximum term of 10 years imprisonment or a fine of $15,000 or no more than 3 times the embezzled amount, whichever is greater, or both imprisonment and a fine. Therefore, petitioner has not set forth a federal question because his sentence was imposed within the state statutory limit. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *E.G., Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976). If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or

>  capricious abuse of discretion," or that an error of law resulted in the improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id.* at 923-24.

On January 6, 2003 petitioner plead guilty to two counts of Blue Sky Law violations (unlawful offer, sale or purchase of securities, MCL § 451.501) and one count of embezzlement by an agent or trustee of an amount greater than $20,000 (MCL § 750.174(5)(a)). Petitioner plead guilty in exchange for the dismissal of the remaining Blue Sky Law counts, embezzlement counts, and a continuing criminal enterprise count. On May 20, 2003 Judge Ransom departed upward from the statutory sentencing guidelines of 10 to 23 months and sentenced petitioner to three concurrent terms of 6 years, 8 months to 10 years. The judge explained that his upward departure, was because the sentencing guidelines did not adequately account for the impact of the offenses on the 41 victims involved.

On July 15, 2004, the Michigan Court of Appeals issued an order denying petitioner's delayed application for leave to appeal for lack of merit in the grounds presented. Petitioner next filed an application for leave to appeal with the Michigan Supreme Court. On February 28, 2005, the Michigan Supreme Court remanded the case to the Genesee Circuit Court "to correct or delete the challenged information in the pre-sentence report that was not taken into account in sentencing," but otherwise denied leave to appeal. In April 2006, the Circuit Court complied with the Michigan Supreme Court's February 28, 2005, order and corrected petitioner's pre-sentence report.

Unsatisfied with the change in the pre-sentence report, on April 27, 2006, petitioner filed a motion for relief from judgment with the Genesee County Circuit Court under MCR 6.508(D). The Genesee County Circuit Court issued an opinion and order denying petitioner's motion for relief from judgment. On April 18, 2007, the Michigan Court of Appeals issued an order

denying petitioner's delayed application for leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Next, Petitioner filed an application for leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court denied this application for leave to appeal. Finally, in October 2007, petitioner filed the instant habeas petition.

Petitioner argues that resentencing is required because petitioner's sentence constitutes an impermissible departure from the legislatively mandated sentencing guidelines without "substantial and compelling" reasons for the extent of the departure. However, petitioner's sentence does not exceed the statutory limit nor has petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion.

Petitioner argues that his sentencing was in part based on inaccurate and prejudicial information. The Michigan Supreme Court ruled in petitioner's favor that the phrases "resistant to bankruptcy proceedings" and the Pre-sentence Investigation Report's author's prejudicial statement that petitioner had a "lack of remorse" were to be removed from the PSI report. Petitioner argues that these improper statements were influential in the trial court's decision for the upward departure in sentencing. Furthermore, petitioner questions "would the trial court have still departed from the guideline range, and if so, would it have still given the maximum it deemed allowable to a non-violent, fist time offender with no previous criminal record?"

However, the state court adjudications of this claim were neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court precedent, or an unreasonable determination of the facts. The Michigan Supreme Court determined that the inaccurate information in the pre-sentencing report was not utilized by the judge in sentencing petitioner. The sentencing judge departed from the recommended sentence as calculated under the Michigan

Sentencing Guidelines because of the number of people that petitioner victimized in his fraudulent schemes:

> [T]he Guidelines do not adequately reflect the extent of the crimes. There are some 41 victims involved here. And your conduct has had a major impact on the lives of each of those victims extending far beyond the 41, to their families.
>
> The bottom line is that the crimes here, the losses here, the number of people involved here, the potential risk to the community all mandate that this Court not only exceed the Guidelines but impose the maximum sentence allowed by law.

In the opinion of the undersigned, petitioner has not demonstrated that the alleged misinformation in his PSI Report violated his due process rights. Petitioner has not shown that the sentencing court relied on any improper information in determining petitioner's sentence. Therefore, in the opinion of the undersigned, the state court adjudications were neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court precedent, or an unreasonable determination of the facts.

Petitioner asserts that his sentence is in violation of his federal constitutional rights and United States Supreme Court precedent. The respondent argues that these claims are procedurally defaulted as a matter of law. Although petitioner did raise these allegations on direct application for leave to appeal with the Michigan Supreme Court, petitioner never properly presented these issues to the Michigan Court of Appeals on direct review. This Court must consider when a state-law default prevents further state consideration of a federal issue. The federal courts are ordinarily precluded from considering a procedurally defaulted issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim

and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

Petitioner raised these issues in his motion for relief from judgment. The trial court denied petitioner's motion for relief from judgment on this issue:

> The Court is not persuaded that Defendant has met his burden under MCR 6.508(D)(3) to establish the cause and prejudice requirements necessary for the Court to grant relief. In any event, while the Court has some concern regarding the extent of the guidelines departure involved in Defendant's prison sentence, the Court does not reach Defendant's urged conclusion that his sentence is unwarranted. Moreover, Defendant's claim that his sentence is violative of the United States Supreme Court's decision in *Blakely v. Washington*, 542 US 296 (2004) is undercut and rendered meritless by other Supreme Court decisions in *People v. Claypool*, 470 Mich 715, 730 n 14 (2004) and, more recently *People v Drohan*, No. 127489, decided 6/13/06. Any contended changes in the law do not, in the Court's view, inure to Defendant's benefit.

The Michigan Court of Appeals denied petitioner's application for leave to appeal for failure to establish grounds for relief pursuant to MCR 6.508(D). Likewise, the Michigan Supreme Court denied petitioner's application for leave to appeal because he failed to meet his burden of establishing entitlement to relief under MCR 6.508(D).

Under MCR 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. For claims that could have been raised, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." MCR 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1104, 1006-1007 (6th Cir. 2000). Because MCR 6.508(D) was enacted in 1989 and petitioner's conviction and appeals took place some time thereafter, MCR 6.508(D) was a "firmly established" procedural rule for purposes of petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998).

Additionally, within his second and third claim the petitioner argues that he has demonstrated cause for the procedural default of his relevant claims. Petitioner claims that the allegations contained within these claims could not have been brought before the Michigan Court of Appeals in his direct application for leave to appeal in May 2004 because the U.S. Supreme Court had not yet decided *Blakely v Washington*, 542 US 296 (2004).

Petitioner relies on *Blakely v. Washington*, arguing that any increase in a sentence imposed based on facts not submitted to a jury is unconstitutional. However, the issue presented in *Blakely* was the constitutionality of a statute which set out a guideline range of sentences, but permitted a court to impose a sentence in excess of those guidelines based on facts not submitted to a jury. In Michigan, a court does not have the authority to exceed the statutorily authorized sentence, and the sentences imposed here by the trial court do not exceed the statutorily authorized ranges. Therefore, *Blakely* is not applicable.

The Michigan Court of Appeals further explained that petitioner failed to demonstrate sufficient prejudice as a result of the alleged violations of federal law since *Blakely* and its related cases do not implicate Michigan's indeterminate sentencing scheme. *See People v Dorhan*, 475 Mich 140, 163 (2006). Because petitioner was sentenced in accordance with Michigan's indeterminate sentencing scheme, and the trial court did not exceed the statutory maximum in sentencing petitioner to 10 years imprisonment, petitioner has failed to show that he would be prejudiced by this Court's failure to consider the relevant habeas claims.

Finally, petitioner argues in his first claim that his trial counsel rendered ineffective assistance of counsel in violation of his Sixth Amendment rights because counsel failed to object on the record to the trial court's departure from the Michigan Sentencing Guidelines. Petitioner's claim is without merit. In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S.

Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

In the opinion of the undersigned, trial counsel's performance with respect to sentencing was not unreasonable. Petitioner's counsel challenged the court's sentencing scoring of Offense Variable 10 and 12. Moreover, after the Prosecutor asked the trial court to depart from the calculated Michigan Sentencing Guidelines range and sentence counsel and petitioner gave a lengthy response to the court. In the opinion of the undersigned, trial counsel's performance at the

sentencing was not constitutionally deficient. Therefore, petitioner cannot claim ineffective assistance of counsel. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Petitioner has not

shown ineffective assistance of counsel in his first claim. Petitioner has procedurally defaulted on his second and third claims. On the fourth claim, petitioner cannot show that the judge unreasonably dismissed the sentencing guidelines. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 9, 2010